FILED
 2014 Jun-24  AM 11:02
U.S. DISTRICT COURT
    N.D. OF ALABAMA


# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JANA MARIA JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:12-cv-2435-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Jana Maria Johnson ("Johnson") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Johnson filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on October 8, 2009, alleging a disability onset date of

October 5, 2009, due to migraines and arthritis.[1]  (R. 22, 155).  After the SSA denied Johnson's claim, she requested a hearing before an ALJ.  (R. 90-91).  The ALJ subsequently denied Johnson's claim, (R. 19-29), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Johnson then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such

---

[1]  Johnson is only challenging here the ALJ's findings with respect to her migraines.

relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

  (4)  whether the claimant is unable to perform his or her past work; and

  (5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Johnson had not engaged in substantial gainful activity since October 5, 2009, and, therefore, met Step One.  (R. 24).  Next, the ALJ found that Johnson satisfied Step Two because she suffered from the severe impairments of "migraine headaches."  *Id*.  The ALJ then proceeded to the next step and found that Johnson failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (R. 25).  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she determined that Johnson

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: claimant

> requires a controlled environment with no exposure to extreme temperatures, bright lights, or loud noises. She should avoid concentrated exposure to fumes, dusts, and odors. Claimant should avoid all exposure to humidity.

*Id.* In light of Johnson's RFC, the ALJ found that she was "capable of performing past relevant work as a reservation agent/vehicle leasing agent, secretary, receptionist, and sales clerk." (R. 28). Therefore, the ALJ found that Johnson "has not been under a disability, as defined in the Social Security Act, from October 5, 2009, through the date of this decision." *Id.*

## V. Analysis

The court now turns to Johnson's only contention on appeal, which is that the ALJ did not properly apply the "treating physician rule" to the facts of her case. Doc. 8 at 2. The record shows Johnson was treated by Dr. Isabella Strickland for migraine headaches and other problems over a six year period. (R. 229-38, 278-81). Dr. Strickland also completed a "Headaches Residual Functional Capacity Questionnaire" on April 27, 2010, which indicates Johnson suffers two to three headaches per week, that last three to twelve hours. R. 272. As a result, Dr. Strickland opined Johnson would need to take unscheduled breaks during an eight-hour workday two to three times per week, during which she would need to lie down or sit quietly and rest for three to four hours before returning to work. (R. 272, 274-75). Johnson argues the ALJ should have given these opinions "substantial, considerable or even controlling weight." Doc. 8 at 12.

In determining how much weight to give to each medical opinion, the ALJ must consider several factors, including whether the doctor (1) is a specialist; (2) has examined the claimant; (3) has a treating relationship with the claimant; (4) presented medical evidence and explanation supporting his opinion; and (5) provided an opinion that is consistent with the record as a whole.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  Under the regulations, if the ALJ "find[s] that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," it will be given "controlling weight."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Moreover, in this circuit, "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "Good cause" exists when the evidence does not bolster the treating physician's opinion; a contrary finding is supported by the evidence; or the opinion is conclusory or inconsistent with the treating physician's own medical records.  *Id.*  If a treating physician's opinion is rejected, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion . . . and the failure to do so is reversible error."  *Id.*

Here, the ALJ "included the work limitations set forth by Dr. Strickland because they are consistent with the reported triggers of [Johnson's] headaches," but did not accept Dr. Strickland's opinions as to "the nature, severity, and/or duration of [Johnson's] headaches."  (R. 26).  The ALJ found those opinions were "not substantiated

6

by Dr. Strickland's treatment notes or the claimant's history of medical treatment." (R. 26). *See Lewis*, 125 F.3d at 1440 (11th Cir. 1997) (good cause exists when a physician's opinion is inconsistent with his own medical records). Specifically, the ALJ found Dr. Strickland's opinions were not "substantiated by the objective medical evidence in the [record] regarding the alleged frequency of [Johnson's] headaches and the medical evidence does not otherwise document the duration and/or severity of [Johnson's] alleged symptoms." (R. 26). In support of her position, the ALJ noted that "the objective medical evidence of record reveals [Johnson] sought treatment for headaches on June 23, 2005, May 9, 2006, March 28, 2007, September 6, 2007, May 22, 2008, November 3, 2008, April 14, 2009, July 23, 2009, November 12, 2009, April 27, 2010, and January 25, 2011," which she found "does not correspond to the nature, severity, or duration of [Johnson's] alleged headaches." *Id.* (R. 26). Significantly, except for a "problem list" that includes "migraine x3 days" on the entry for July 23, 2009, these treatment notes contain no description of the duration, severity, or frequency, of Johnson's headaches. (R. 229-38, 278-81). In fact, these records show Johnson was treated 11 times for headaches over a period of approximately five and one-half years, with most visits being at intervals of six months or more. In other words, as the ALJ found, Dr. Strickland's records do not support her opinions regarding the duration and severity of Johnson's headaches. Ultimately, the ALJ concluded that Dr. Strickland's opinion was entitled to limited weight because it "is not substantiated by the objective evidence of record and it is inconsistent with her own treatment notes indicating

7

[Johnson] has been treated for headaches and/or headache pain on eleven occasions over a six year period of time." (R. 27). In light of the record before this court, good cause existed for the ALJ to reject Dr. Strickland's opinions. *See Lewis*, 125 F.3d at 1440 (11th Cir. 1997) (good cause exists when the evidence does not bolster the treating physician's opinion); *Petteway v. Comm'r of Soc. Sec.*, 353 F. App'x 287, 290 (11th Cir. 2009) (unpublished) (finding good cause when the physician's medical records showed infrequent medical visits at intervals of two or more months).

Put simply, the ALJ considered the factors set forth in the regulations and articulated good cause why she gave Dr. Strickland's opinions limited weight. In addition to outlining how Dr. Strickland's own records belie her opinions regarding the severity and duration of Johnson's headaches, the ALJ also noted that Johnson has not "visited a headache clinic, pain clinic, or emergency room for shots when her pain becomes unbearable," and that she "has not reported adverse side effects from the prescribed medications and there is no evidence her headaches are nonresponsive to treatment." (R. 26-27). Based on the court's review of the record, substantial evidence supports the ALJ's decision and there is no reversible error.

### VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Johnson is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's

final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

    DONE this 24th day of June, 2014

                                _____
                                  **ABDUL K. KALLON**
                               UNITED STATES DISTRICT JUDGE